Appeal of G. C. KRACK.                                    Docket No. 1407.

Under the facts stated, *held*, that the worthlessness of a debt was not ascertained in the taxable years in question.

Submitted March 30, 1925; decided May 7, 1925.

*H. A. Mihills, C. P. A.*, for the taxpayer.
*Benjamin H. Saunders, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, and GREEN.

This appeal involves income taxes for the years 1917 to 1920, inclusive. The Commissioner disallowed as deductions certain losses and bad debts set up in the taxpayer's return and determined deficiency totaling $10,323.89.

FINDINGS OF FACT.

The taxpayer is a stockholder in and the president of the Erie Tageblatt Publishing Company, of Erie, Pennsylvania. The principal business of this company is the publication of a daily and weekly newspaper in the German language. The company was operated at a profit prior to 1917. Immediately after the United States declared war on Germany, the subscriptions and advertising fell off and operating expenses increased with the result that the company has operated at a loss ever since. The taxpayer, beginning in 1917 and continuing through the years in question, advanced to the company funds sufficient to enable it to continue the publication of the newspaper. The advances were in each year made periodically, and ordinarily monthly, to cover pay rolls and operating expense. Occasionally, larger amounts would be advanced to cover repairs or the purchase of machinery. In 1917 they totaled $10,827.37; in 1918, $6,875; in 1919, $10,820.11, and in 1920, $17,111.30. The company has been insolvent since 1917. The taxpayer alleged "that these advances were worthless at the time advanced." He testified that he never, at any time after the early part of 1917, expected that the company would be able to repay him. The advances were made from patriotic motives and with the hope that the company might be self-sustaining after the war.

Certain of the stockholders were dissatisfied with the policy and management of the company. The taxpayer bought the stock of disgruntled stockholders when, according to his own testimony, he knew it to be worthless. The record is not clear as to the price paid for the stock, except to indicate that the price ranged from $50 to $100 per share. The amounts thus expended were: In 1917, $489.92; in 1919, $2,127.90; and in 1920, $200. The company is still publishing the paper and hopes to show a profit for this year.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

GREEN: We are unable to agree with the taxpayer in his contention that the advances should be charged off as bad debts. To be deductible in the years in question the debts must meet the requirements of section 214(a)(7) of the Revenue Act of 1918, which is, " Debts ascertained to be worthless and charged off within the taxable year." In any year there were assets sufficient to have satisfied a part of the taxpayer's claim, and this fact was known to him at all times. The disinclination of a creditor to force payment does not make a debt " worthless," as that term is used in the Act.

The taxpayer's contention that he has sustained a loss as the result of purchasing the stock is answered by saying that he still holds the stock of a going concern which hopes to show a profit for 1925. The transaction is not closed. The loss, if any, has not been realized. The taxpayer can have no deductible loss until such loss has been actually sustained.